VAN INGEN v. HUDSON REALTY CO. et al.

(Supreme Court, Appellate Division, First Department.   July 7, 1905.)

MUNICIPAL CORPORATIONS—NEW YORK CITY CHARTER—POWERS OF ALDERMEN —NUMBERING STREETS—DELEGATION TO BOROUGH PRESIDENT.

New York City Charter 1901 (Laws 1901, p. 8, c. 466) § 17, vests the legislative power of the city of New York in a board of aldermen. Section 39, p. 20, provides that every legislative act of such board shall be by ordinance or resolution. Section 44, p. 23, provides that the board of aldermen, in addition to enumerated powers, may exercise all powers vested in the city of New York, and may pass all such ordinances, rules, regulations, and by-laws as may seem proper for the government of the

city. Section 50, p. 28, authorizes the board, among other things, to "regulate the numbering of houses and lots in streets." Section 383, p. 162, provides that the borough president shall have, in addition to specified powers, "such other powers as may be conferred upon him by the board of aldermen." *Held*, that the board of aldermen may, by resolution, authorize a borough president to renumber buildings on a street.

Appeal from Special Term, New York County.

Action by Edward H. Van Ingen against the Hudson Realty Company and others. From an order granting a temporary injunction, defendants appeal. Reversed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

T. Connoly, for appellants president of the borough of Manhattan and others.

M. W. Platzek, for appellant Hudson Realty Co.

Elbert B. Hamlin, for respondent.

INGRAHAM, J. The plaintiff is the owner in fee of a building situated on the southwest corner of Fifth avenue and Twenty-First street, in the city of New York; having a frontage of 92 feet on Fifth avenue, and covering four city lots. Upon this property there is erected a building nine stories high. This building has two entrances on Fifth avenue—one for the tenants using the upper eight stories, and one for the portion of the premises occupied by the plaintiff as an importer and dealer in woolens, on the first or ground floor of the building. Upon the completion of this building it was numbered 160 Fifth avenue, and has been known as that number for 14 years. Upon the remainder of the block on Fifth avenue, between Twentieth and Twenty-First streets, there is one building, called the "Presbyterian Building," which is also occupied as stores on the ground floor, and offices above; the Presbyterian building using the numbers 154, 156, and 158 Fifth avenue. The defendant the Hudson Realty Company acquired the property on the northwest corner of Fifth avenue and Twenty-First street, which had been formerly occupied by the Union Club, but which had no entrance on Fifth avenue, and no Fifth avenue number. Upon this property it has erected a large building, to be used as stores and offices. North of this Union Club property was a private dwelling house, which has been numbered 162 Fifth avenue for many years. On the 19th day of April, 1904, the board of aldermen passed the following resolution:

"Resolved, that the president of the borough of Manhattan be authorized and requested to number the building situate at the northwest corner of 21st street and Fifth Avenue, No. 160½ Fifth Avenue."

This resolution was duly approved by the mayor on the 23d day of April, 1904. As authorized by this resolution, the president of the borough of Manhattan numbered the building of the Hudson Realty Company 160½ Fifth avenue. Notwithstanding this ordinance of the board of aldermen, and the action of the president of the borough under it, the Hudson Realty Company adopted the number 160 Fifth avenue for its premises on the northwest corner

of Twenty-First street and Fifth avenue. The complaint alleges that this action of the defendants was unauthorized, and caused a serious injury to the plaintiff's premises, and irreparable damage; and the relief demanded is that the defendant the Hudson Realty Company be enjoined and restrained from displaying, posting, publishing, or in any way adopting or using the number 160 Fifth avenue, and that the defendants, and each of them, be enjoined and restrained from numbering or attempting to number the premises at the northwest corner of Twenty-First street and Fifth avenue as No. 160 Fifth avenue. Upon the complaint and affidavits setting forth the foregoing facts, an application was made to the Special Term for a temporary injunction as prayed for in the complaint. In answer to this application for an injunction, it appeared that on the 10th day of January, 1905, the board of aldermen passed the following resolution:

"Resolved, that the president of the borough of Manhattan be authorized and requested to number and renumber buildings situate on the west side of Fifth avenue, between West 20th and West 22nd street, in the borough of Manhattan, New York City, in such manner and to such extent as may be necessary."

This resolution was duly approved by the mayor on the 17th day of January, 1905. Subsequent to such approval the president of the borough of Manhattan gave notice to the parties interested, including the plaintiff herein, that the question of changing the numbers on the west side of Fifth avenue would be considered on Monday, March 13th. That hearing was adjourned to the 22d of March, when a hearing was had before the president of the borough and the members of the local board of improvement for the district in which the premises were situated. The plaintiff was represented by counsel, as were also the owners of the other property affected by this proposed action. On the 4th of April, 1905, acting under this resolution of the board of aldermen, the president of the borough directed that the building on the northwest corner of Twenty-First street and Fifth avenue be known and designated as 160 Fifth avenue; and at the same time the other buildings on the west side of Fifth avenue were renumbered, giving to the plaintiff's building the number 158. It further appeared that in the year 1859 upon the maps of the city of New York the Union Club was designated 160 Fifth avenue, which number was continued upon the maps used by the commissioner of taxes and assessments of the city of New York from 1852 to 1860, from 1862 to 1871, inclusive, and from 1874 to 1904, inclusive, and that on these maps the premises owned by the plaintiff were designated by street numbers 154 to 158 Fifth avenue.

The Special Term held that the board of aldermen had no power to pass the resolution January 10, 1905, authorizing the president of the borough of Manhattan to renumber Fifth avenue from Twentieth to Twenty-Second streets, and therefore granted the injunction. Section 50 of the charter of 1901 (chapter 466, p. 28, of the Laws of 1901) provides that:

"Subject to the Constitution and laws of the state the board of aldermen shall have power * * * to regulate the numbering of houses and lots

in the streets, and the naming of streets, except that it shall not be lawful to number or renumber any houses or to change the name of any street save be tween the 1st day of December in any year and the 1st day of May next ensuing."

This provision was taken from section 86 of the consolidation act (chapter 410, p. 23, Laws 1882, subd. 6). Section 383 of the charter of 1901, after giving to the president of the borough cognizance and control over certain specified subjects in relation to the streets, provides that:

"He shall have such other powers as are expressly conferred upon him by this act, and such other powers as may be conferred upon him by the board of aldermen."

It will be noticed that the Legislature, in delegating to the board of aldermen control over the subject of renumbering the houses in the streets, does not impose that duty directly upon the board of aldermen. Section 17 of the charter provides that the legislative power of the city of New York shall be vested in one house, to be known and styled as the "Board of Aldermen of the City of New York," and this legislative body is authorized to pass ordinances regulating municipal affairs. Upon it is conferred legislative powers within the limit imposed by the charter, and it is by ordinance or resolution that the board of aldermen can act. It has a president and a clerk. Its meetings are provided for, and its proceedings and business are to be regulated by its resolutions and rules; and section 39 provides that every legislative act of the board of aldermen shall be by ordinance or resolution, and no ordinance or resolution shall be passed, except by a vote of a majority of all the members of the board of aldermen, and every ordinance or resolution, before it takes effect, must be presented to the mayor, who may either sign it, or return it to the board of aldermen with his objection to it, or it may become operative if he fails to return it within 10 days after it is received by him. Section 44 provides that:

"No enumerations of powers in this act shall be held to limit the legislative power of the board of aldermen, which, in addition to all enumerated powers, may exercise all of the powers vested in the city of New York by this act, or otherwise, by proper ordinances, rules, regulations and by-laws not inconsistent with the provisions of this act, or with the Constitution or laws of the United States or of this state; and, subject to such limitations, may from time to time ordain and pass all such ordinances, rules, regulations and by-laws, applicable throughout the whole of said city or applicable only to specified portions thereof, as to the said board of aldermen may seem meet for the good rule and government of the city, and to carry out the purposes and provisions of this act or of other laws relating to the said city."

Considering these general grants of legislative power to the board of aldermen with the special grant of power to "regulate the numbering of houses and lots in the streets," I think it is within the power thus granted to authorize the borough president, who is expressly given such power as the board of aldermen may confer, to renumber a street, and that his act under such authority is valid. "Regulate" is defined by the Standard Dictionary: "To adjust, order or govern by rule, method, or established mode; direct or manage according to certain standards or rules." The board of alder-

men, thus having authority to "adjust, order or govern by rule, method, or established mode," and having power to impose specific duties upon the president of the borough, has ordained that the president of the borough should proceed and renumber the buildings upon the west side of Fifth avenue, between Twentieth and Twenty-First streets. I think this a direct method of regulating the numbering of houses and lots on this street, and it is clearly within the power of the board of aldermen, and that the act of the president of the borough under it was valid.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion for an injunction denied, with $10 costs. All concur.