PER CURIAM.
The defendant, Ralph Tudela, was convicted of larceny of an automobile. Trial *388 was non-jury and defendant’s plea was not guilty.
One of appellant’s contentions on appeal is that the oral statement made by the defendant to the police officer was inadmissible in evidence because the defendant was not fully advised of his constitutional rights as required under the case of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.
We have recently had occasion to consider at some length the same contention on another appeal. See Woods v. State, Fla.App.1968, 211 So.2d 248 (opinon of this Court filed June 4, 1968). In that case we held that the requirements of Miranda were not met because the defendant was not advised of his right to have court-appointed counsel present during his interrogation. We further held that the State did not overcome this deficiency by the simple statement of the police officer upon direct examination that he read the advice to the defendant from “a card.”
In the case now before us, the officr testified that prior to the interrogation he advised the defendant of his rights, that he had a right to remain silent, and that he did not have to talk to the officer. In addition, the officer was asked by the court, “Did you read him his rights from the so-called Miranda card?” to which the officer answered “Yes, sir.”
We think that this Court can take judicial notice that a Miranda card, prepared by a police department and used by the officers for the purpose of warning a defendant of his rights, lists the several items required by that decision to be given as warnings. Moreover, when that testimony came in, to the effect that the officer had warned the defendant of his rights by reading from the so-called Miranda card, there was no objection made on behalf of the defendant. No demand was made for production of the card, and the officer was not cross examined with reference to its contents.
We therefore hold that no reversible error has been shown under appellant’s point directed to the trial court’s denial of appellant’s motion to strike the testimony of the officer relative to the oral statement made to the officer.
Appellant’s other point questions the sufficiency of the evidence to sustain the finding of guilt. We hold the evidence was sufficient. See Kearson v. State, 123 Fla. 324, 166 So. 832; Smith v. State, Fla.App.1960, 118 So.2d 257.
Affirmed.