THORNAL, Justice
(concurring).
I have concurred in the discharge of the writ, although I feel that Justice Drew is absolutely correct in his view that the District Court could not take judicial notice of the so-called “Miranda card.” If it is to have any evidentiary value it should have been identified and filed in evidence.
However, the District Court’s statement regarding judicial notice was obiter which did not control the ultimate judgment. I would simply find it to be obiter and discharge the writ. In the paragraph preceding the one quoted by Justice Drew, the District Court, 212 So.2d 387, found:
"In the case now before us, the officer testified that prior to the interrogation he advised the defendant of his rights, *144 that he had a right to remain silent, and that he did not have to talk to the officer. In addition, the officer was asked by the court, ‘Did you read him his rights from the so-called Miranda card?’ to which the officer answered ‘Yes, sir.’ ” (emphasis added)
The Court having found that the defendant had been advised of his rights, the Miranda card judicial notice obiter was a bit of decisional lagniappe, albeit erroneous. I think it should be disregarded and the conclusion of the District Court left to stand otherwise undisturbed.
I therefore concur in the discharge of the writ.
CARLTON, J., concurs.