DREW, Justice
(dissenting).
In the reported case below [1] the following statement appears:
“We think that this Court can take judicial notice that a Miranda card, prepared by a police department and used by the officers for the purpose of warning a defendant of his rights, lists the several items required by that decision to be given as warnings.”
This statement, whether it be considered obiter or a holding germane to the ultimate decision directly conflicts with Makos v. Prince, 64 So.2d 670 (Fla.1963), which succinctly announced the principle of law, universally recognized that
“The established rule in respect to judicial notice is that it should be exercised with great caution. The matter judicially noticed must be of common and general knowledge. Moreover, it must be authoritatively settled and free from doubt orJuncertainty.” Id. at 673.
I, therefore, conclude that our jurisdiction here is unassailable.
Whatever may be our view — philosophically or otherwise — of the Miranda decision,[2] it is a binding pronouncement of the law made by the Nation’s highest judicial tribunal. Just what “a Miranda Card” is or what is written on it, I do not know. The record here is completely silent on the subject. The State concedes the card was never introduced in evidence nor was its contents made reference ■ to anywhere in the record. The trial court on the record before us could not possibly have known what the police officer said to the defendant and surely the District Court could not have correctly concluded that the defendant was sufficiently advised of his rights before he made the questioned oral statements to the police officers.
The' District Court decision places much emphasis on the fact that when the officer testified he “warned the defendant of his rights by reading from the so-called Miranda card”,[3] the defendant did not object thereto nor did he cross-examine on the subject or demand the production of the card. The simple answer to that is that the burden is on the State to show that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel.[4]
If the State intends to use “a Miranda -;Card” to establish the compliance with Miranda, it seems elemental to me both
*145 from the standpoint of the best evidence rule as well as offering competent proof of an essential fact, that the card itself be introduced or, at the very least, the contents of the card made a part of the record. To fail in this regard completely handcuffs the appellate court in reviewing the question of the sufficiency of the warning and, in addition, destroys the presumption of correctness of the trial court’s decision.
We have jurisdiction of this case and the grievous and harmful error is as apparent as in any case I have ever reviewed. I would reverse for a new trial.
ADKINS, L, concurs.

. Tudela v. State, 212 So.2d 387.

. Footnote 4 infra.

. 212 So.2d. 387 — text page 388.

. In Miranda, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) the court said “This Court has always set high standards of proof for the waiver of constitutional rights (citation omitted), and we reassert these standards as applied to in-custody interrogation. Since the State is responsible for establishing the isolated circumstances under which the interrogation takes place and has the only means of making available corroborated evidence of warnings given during incommunicado interrogation, the burden is rightly on its shoulders.” Id. at 475, 86 S.Ct. at 1628.