Mr. Richard V. Neill, Jr. City Attorney Town of St. Lucie Village Post Office Box 1270 Fort Pierce, Florida 34954
Dear Mr. Neill:
You have asked for my opinion on the following question:
Is the Town of St. Lucie Village authorized to impose an occupational license tax or other equivalent regulatory fee on registered contractors in light of the provisions of s. 205.065, F.S. (1992 Supp.)?
In sum:
Registered contractors are "regulated" within the scope of s.205.065, F.S. (1992 Supp.). A municipality may, therefore, only impose an occupational license tax on such contractors who have a permanent business location within the municipality and who have not been assessed and paid such a tax in the county in which the municipality is located.
Section 205.065, F.S. (1992 Supp.), provides, in part, as follows:
If any person engaging in or managing a business, profession, or occupation regulated by the Department of Professional Regulation has paid an occupational license tax for the current year to the county or municipality in the state where his permanent business location or branch office is maintained, no other local governing authority may levy an occupational license tax, or any registration or regulatory fee equivalent to the occupational license tax, on him for performing work or services on a temporary or transitory basis in another municipality or county.
You state you are concerned that if a registered contractor is considered to be "regulated" by the Department of Professional Regulation, the Town of St. Lucie Village would be prohibited by s. 205.065, F.S. (1992 Supp.), from imposing an occupational license tax or other equivalent regulatory fee on this group of contractors. You ask, therefore, whether registered contractors are "regulated" within the scope of s. 205.065, F.S. (1992 Supp.).
Initially, I would point out that this statute requires only that the municipality refrain from imposing an occupational license tax on a regulated contractor who: 1) works within the jurisdictional boundaries of the town but has no permanent business location or branch office there or 2) has paid an occupational license tax for the current year to another jurisdiction where he or she has a permanent business location.[1]
If a "regulated" contractor does not meet either of these requirements, he or she is still liable for payment of an occupational license tax by the Town of St. Lucie Village. The statute is directed at eliminating the imposition of an occupational license tax on transitory business activity.
No definition of the term "regulated" is contained in s.205.065, F.S. (1992 Supp.). In the absence of any legislative determination of the meaning of the word, it should be understood in its plain and ordinary sense.[2] The Supreme Court of Florida has itself utilized the dictionary definition of the term "regulate," i.e., "to direct by rule or restriction."[3] In a later case, the Court stated that the word "regulate" means "to adjust order or govern by rule, method, or established mode; [to] direct or manage according to certain standards or rules."[4]
Thus, to the extent that a registered contractor is governed and directed by rule of the Department of Professional Regulation, he or she would be regulated by the department.
Part I, Ch. 489, F.S. (1992 Supp.), relates to construction contracting in this state. Florida law recognizes both certified and registered contractors and no person who is not certified or registered is authorized to engage in the business of contracting in this state.[5]
A "[c]ertified contractor" is "any contractor who possesses a certificate of competency issued by the department and who shall be allowed to contract in any jurisdiction in the state without being required to fulfill the competency requirements of that jurisdiction."[6] In contrast, a "[r]egistered contractor" is "any contractor who has registered with the department pursuant to fulfilling the competency requirements in the jurisdiction for which the registration is issued."[7] Registered contractors are only authorized to contract in the area specified in their registration, i.e., a particular county or municipality.[8]
The Construction Industry Licensing Board (the "board") is authorized to adopt rules establishing reasonable fees to be paid for applications, examination, certification and renewal, registration and renewal, and for recordmaking and recordkeeping.[9]
These fees are "based on department estimates of the revenue required to implement [these statutes] and the provisions of law with respect to the regulation of the construction industry."[10]
(e.s.) Thus, it appears that the Department of Professional Regulation considers the provisions of Part I, Ch. 489, F.S. (1992 Supp.), to be regulations imposed on the construction industry as a whole.[11]
As a prerequisite to the initial issuance or renewal of either a certificate or registration, an applicant is required to submit an affidavit on a form provided by the board which attests that the applicant has "obtained public liability and property damage insurance for the safety and welfare of the public in amounts determined by rule of the board."[12] Registrants are required, prior to issuance of registration, to
submit the required fee and file evidence, in a form provided by the department, of holding a current local occupational license issued by any municipality, county, or development district for the type of work for which registration is desired and evidence of successful compliance with the local examination and licensing requirements, if any, in the area for which registration is desired.
In addition, all contractors who are registered or certified pursuant to Part I, Ch. 489, F.S., are required to maintain complete financial and business records for the immediately preceding 3 years. These records include the minutes of corporate meetings, business contacts, telephone records, insurance policies, letters of complaint, notices received from government entities, bank statements, canceled checks, records of accounts receivable and payable, financial statements, loan documents, tax returns, and all other business and financial records maintained in the regular course of business.[13]
Pursuant to the statute, no person shall:
(a) Falsely hold himself or a business organization out as a licensee, certificateholder, or registrant; (b) Falsely impersonate a certificateholder or registrant; (c) Present as his own the certificate or registration of another;
* * *
(e) Use or attempt to use a certificate or registration which has been suspended or revoked; (f) Engage in the business or act in the capacity of a contractor or advertise himself or a business organization as available to engage in the business or act in the capacity or a contractor without being duly registered or certified[.][14]
Violations of this statute are classed as misdemeanors of the first degree.[15]
Further, the board is authorized to:
[R]evoke, suspend, or deny the issuance or renewal of the certificate or registration of a contractor, require financial restitution to a consumer, impose an administrative fine not to exceed 5,000, place a contractor on probation, require continuing education, assess costs associated with investigation and prosecution, or reprimand or censure a contractor if the contractor . . . is found guilty of any of the following acts:
(a) Obtaining a certificate or registration by fraud or misrepresentation.
(b) Being convicted or found guilty, regardless of adjudication, or a crime in any jurisdiction which directly relates to the practice of contracting or the ability to practice contracting.
(c) Violating chapter 455 (relating to the regulation of professions).
(d) Willfully or deliberately disregarding and violating the applicable building codes or laws of the state or of any municipalities or counties thereof.
(e) Performing any act which assists a person or entity in engaging in the prohibited uncertified and unregistered practice of contracting, if the certificateholder or registrant knows or has reasonable grounds to know that the person or entity was uncertified and unregistered. . . .[16]
In light of these legislative provisions and the administrative rules promulgated by the board to implement them, it is clear that a regulatory scheme is in place which is applicable to both registered and certified contractors and governs their conduct. Thus, registered contractors are "regulated" within the scope of s. 205.065, F.S. (1992 Supp.).
Therefore, it is my opinion that the authority of the Town of St. Lucie Village to impose an occupational license tax on registered contractors is limited by s. 205.065, F.S. (1992 Supp.).
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Cf., AGO 92-74 (a municipality may not impose an occupational license tax on a business licensed by the Department of Professional Regulation if the business engages in work within the municipality but does not establish a permanent business location or branch office in the municipality and if the business has paid an occupational license tax to another municipality or county where its permanent business location or branch office is located for the current year).
[2] Pedersen v. Green, 105 So.2d 1, 4 (Fla. 1958). And see, Carson v. Miller, 370 So.2d 10 (Fla. 1979), and Phil's Yellow Taxi Co. v. Carter, 134 So.2d 230 (Fla. 1961), for the proposition that plain and ordinary language should be accorded its plain, ordinary meaning.
[3] State ex rel. Hollywood Jockey Club v. Stein, 182 So. 863, 867
(Fla. 1938) ("'Regulate' is defined by Webster to mean `to direct by rule or restriction,' . . . .).
[4] Makos v. Prince, 64 So.2d 670, 673 (Fla. 1953).
[5] Section 489.113(2), F.S. (1992 Supp.).
[6] Section 489.105(8), F.S. (1992 Supp.).
[7] Section 489.105(10), F.S. (1992 Supp.).
[8] Id. And see, s. 489.117(2), F.S. (1992 Supp.), which states that "[r]egistration allows the registrant to engage in contracting only in the counties, municipalities, or development districts where he has complied with all local licensing requirements and only for the type of work covered by the registration."
[9] Section 489.109(1), F.S. (1992 Supp.).
[10] Id.
[11] And see, s. 489.131(1), F.S. (1992 Supp.), which states that "[t]his part applies to all contractors . . . ."
[12] Section 489.115(4), F.S. (1992 Supp.).
[13] Section 489.124, F.S. (1992 Supp.).
[14] Section 489.127(1), F.S. (1992 Supp.).
[15] Section 489.127(2), F.S. (1992 Supp.).
[16] Section 489.129(1), F.S. (1992 Supp.).