WILLIAM D. SINGER, ESTHER SINGER, L. E. SINGER, WILLIAM S. STONE, and HAROLD I. STONE, co-partners doing business as STONE'S LIQUOR STORES, and PAUL KICHINKO, v. E. W. SCARBOROUGH, as Director of the State Beverage Department.

20 So. (2nd) 126          June Term, 1944
December 19, 1944          En Banc

*Hoffman & Durant* and *J. Lewis Hall,* for relators.
*J. Turner Butler,* for respondent.
*Ausley, Collins & Truett,* as amicus curiae for the City of Miami.

TERRELL, J.:
Relators applied to the tax collector of Dade County for a license or permit to sell intoxicating beverages. The tax collector and the county commissioners approved the application but respondent declines to issue the license because a permit has not been secured from the City of Miami as provided by Ordinance 2161 of the City. Alternative writ of mandamus was issued by this Court commanding respondent to approve

358

or disapprove the action of the board of county commissioners and grant the permit.

We are confronted with a motion for peremptory writ notwithstanding the return to the alternative writ which shows that the license is withheld because the relators had not procured a permit from the City of Miami for the reason stated. From this, it follows that the only question presented is whether or not a permit or license from the City may be required as a condition precedent to granting a State license to sell intoxicating beverages.

We think this question must be answered in the negative. The State Beverage Act proceeds on the theory of permitting the sale of intoxicating beverages under rigid regulation. It does not attempt to limit the number of licenses that may be issued nor does it give municipalities general power to regulate. It does vest in municipalities power to fix by ordinance hours of sale, location, and to prescribe certain sanitary regulations under which intoxicating beverages may be sold. It is shown that the Miami ordinance interposed has been declared invalid by the Circuit Court of Dade County and no appeal has been taken. It is also shown that petitioners have met every other requirement of the law for securing a permit. We have examined the cases relied on by the City but they are not controlling.

The motion for peremptory writ notwithstanding, the return is accordingly granted.

It is so ordered.

BUFORD, C. J., BROWN, CHAPMAN, THOMAS, ADAMS and SEBRING, JJ., concur.