## CITY OF MIAMI v. PAUL KICHINKO

22 So. (2nd) 627        June Term, 1945
June 29, 1945        En Banc
Rehearing denied July 17, 1945

*J. W. Watson, Jr.,* for appellant.

*Hoffman & Durant, Carl T. Hoffman, N. J. Durant* and *Sam Matthews,* for appellee.

PER CURIAM:

Bill of complaint was filed in the Circuit Court of Dade County, Florida, seeking a declaratory julgment under Chapter 21820, Acts of 1943, to determine the validity or non-validity of Section 3 of Ordinance 2161 of the City of Miami adopted August 16, 1939.

Motion to dismiss was properly denied.

Section 3 of the ordinance which is under attack here is as follows:

"Section 3. From and after the passage of this Ordinance, no vendor's liquor license, for the sale of liquor to be consumed on or off the premises shall be issued to any person, firm or corporation, as applicant therefor, in excess of one license for each three thousand (3000) persons within the City of Miami, according to the last State or Federal census, and in no event shall the number of vendor's liquor licenses issued by the City of Miami exceed one license for each three thousand (3000) persons within the City of Miami, according to the latest State or Federal census.

"From and after the passage of this Ordinance, no distributor's liquor license for the sale of liquor at wholesale shall be issued to any person, firm or corporation by the City of Miami, Florida, in excess of license for each twenty-five thousand (25,000) persons within the City of Miami, Florida, according to the latest State or Federal census, and the total number of distributor's liquor licenses for the sale of liquor at wholesale to be issued by the City of Miami shall not exceed one such distributor's license for each twenty-five thousand persons within the City of Miami, Florida, according to the latest State or Federal census.

"(a) The above provisions shall not apply to any application for a license to sell liquor at retail or wholesale on the part of any person, firm or corporation, where such person, firm or corporation has held an annual or six months license from the City of Miami during the preceding license year for the same business the applicant desires to renew or continue at the same or other place of business within the City of Miami, and the right to renew a license to sell liquor, or to obtain such license in any year for the same business, and to thereby continue in the same business in Miami, Florida, from year to year, or season after season, shall not be affected by this Section; nor shall any person, firm or corporation now so engaged and licensed to sell liquor, or who has been so engaged and licensed during the preceding year, or who may be hereafter so engaged and licensed, be, by reason of this Section, prevented from renewing his license for the same business during the next license year, or from obtaining a similar license for the same business during the same or any next succeeding license year, it being intended hereby not to prevent the continuance of business, but only to prevent the further increase in the number of present licenses, yearly or six months' licenses, until an increase in population warrants the same, and to limit such increases according to a fixed ratio of population increase. When a licensee who has or holds, or who hereafter has or holds, a license for the sale of liquor at wholesale or retail, shall have made a bona fide sale of the business which he, or it, is so licensed to conduct, he, or it, may obtain a transfer of such license to the purchaser of said business, provided the purchase shall comply with the laws of the State of Florida in reference to his qualifications as such purchaser, and when such license is so transferred the purchaser shall become vested with the right, and privilege of the renewal of said license, notwithstanding the provisions of the first two paragraphs of this Section, and shall likewise become possessed with all the rights and privileges accorded those now licensed to sell liquor at wholesale and retail within the City of Miami, Florida.

"Provided, however, that this Ordinance shall not prohibit

the issuance of licenses for the sale of liquor to be consumed on or off the premises; in

"(a) Hotels with fifty (50) or more guest rooms, which hotel may contain places of business for the sale of liquor to be consumed on the premises and where such sales are conducted in an orderly manner, and where such sale of liquors is strictly incidental to the principal use as a hotel, and where there are no signs of any kind exhibited or displayed to the outside, denoting that intoxicating beverages are obtainable therein, and where the room for the sale of intoxicating liquors as conducted does not open upon any street or sidewalk.

"(b) In bona fide restaurants and dining rooms where the sale of liquor is entirely incidental to the main business of selling food, and where no sign or display is made to the outside indicating that alcoholic beverages are obtainable therein, and where such beverages are sold only to persons seated where food is habitually sold and consumed, and where such restaurant has a space of at least 4,000 square feet occupied by and exclusively devoted to the use of seating customers at tables, and where the chairs at tables, within said space, number at least 200.

"(c) The provisions of this Section shall not apply to the sale of beer and wine at retail."

The matter came on for hearing before the circuit court, pursuant to order denying motion to dismiss, on motion of the respondent City for final decree on the petition or bill of complaint, the respondent therein declining to plead further. Whereupon Circuit Judge Williams filed his opinion and judgment as follows:

"After the repeal of the ill-fated prohibition amendment, Article XIX was added to the Florida Constitution by a vote of the people of Florida at the general election in 1934. Section two (2) of Article XIX confided to the Legislature the power to enact laws to carry into effect the repeal amendment.

"Pursuant to the constitutional power, the Legislature enacted into law, in 1935, what is known as the State Bever-

age Act. This Act (Chapters 561 and 562 F.S.A.) is a taxing as well as a regulatory statute intended to have uniform operation throughout the State. Sproul, Tax Collector, v. State ex rel. Smith (Fla.) 16 So. (2nd) 109.

"This Act is designed to cover the field of both regulation and taxation. Langston v. Lundsford, 122 Fla. 813, 165 So. 898.

"In 1939 the City Commission of Miami adopted ordinance number 2161, Section three (3) of which purports to limit the number of liquor licenses according to population. It is elementary that municipalities have or can possess only such power as is conferred by expressed or implied provisions of law. Malone v. City of Quincy, 66 Fla. 52, 62 S. 922, Ann. Cas. 1916 D, 208. The State Beverage Act gives to municipalities the power to create zones wherein intoxicating liquor may not be sold. The Act also provides as follows:

" 'Nothing in the beverage law contained shall be construed to effect or *impair* the power or right of any incorporated town or city of the State hereafter to enact ordinances regulating the *hours of business and location of places of business, and prescribing sanitary regulations* therefor, of any licensee under the beverage law within the corporate limits of such city or town.' (Chapter 562.45 F.S.A.)

"These are all the powers given to municipalities by the State Beverage Act. The most meticulous examination of the Act fails to disclose that it gives a municipality any power, expressed or implied, over the subject of intoxicating liquor, other than above enumerated. Applying the familiar maxim of the law: Expressio unius est exclusio alterius, and taking into consideration the working of the State Beverage Law that 'nothing in the Beverage Law contained shall be construed to affect or impair the power or right of any incorporated town or city' to regulate the hours of business, the location and sanitary regulations 'of any licensee *under* the Beverage Law,' it was clearly the intent of the Legislature to inhibit all powers of municipalities over the subject of intoxicating liquors, except as to those powers specifically enumerated. The State Beverage Law does not limit the number of licenses anywhere in the State. The only effect,

under the Beverage Law, of the fluctuation of population, is to require a larger license fee. A licensee obtains his privilege to do business by receiving approval of his application from the county commissioners and the director of the State Beverage Department. The city is permitted only to participate in the revenue derived from such licenses, to the extent of 50% thereof, and even then the licensee may obtain a refund, from the county tax collector, of the amount so paid to the city. The Act provides that the revenue from such liquor licenses shall be used for the aid of the aged, blind and needy children, and the public schools. To permit a municipality to limit the number of licenses would be granting to them the power to curtail the revenue designed to be obtained under the State Beverage Act. This is not permissible. See Baker v. McCarthy, (Fla.) 166 So. 280, and Curtis v. Hutchingson, 125 Fla. 433, 170 So. 133.

"But the city asserts that it has the power, in its charter, to regulate or prohibit the sale of intoxicating liquor.

"The State Beverage Law supersedes any charter powers of the City of Miami over the subject of intoxicating liquor. In the case of Langston v. Lundsford, (involving the State Beverage Law) 122 Fla. 813, 165 So. 898, the Court held:

" 'The general rule that a general Act will not be held to impliedly repeal or modify a special or local one does not apply where the general Act is a *general revision of the whole subject,* or where the two Acts are so repugnant and irreconcilable as to indicate a legislative intent that the one should repeal or modify the other.'

"On the first appearance in Supreme Court of the case of State ex rel. First Presbyterian Church of Miami v. Fuller, City Manager, 133 Fla. 554, 182 So. 888, the Supreme Court held:

" 'Municipal regulations regarding the sale of liquor may be increased or withdrawn at the discretion of the Legislature. Acts 1935, Chapter 16774.'

"See also State ex rel. Muldon v. McCarthy, 122 Fla. 519, 165 So. 700; also Mernaugh v. City of Orlando, 41 Fla. 433, 27 So. 34; also Ex Parte Theisen, 30 Fla. 529, 11 So. 900; also

State ex rel. Cozard v. Carran, City Manager, 11 N. E. (2nd) 245.

"It follows, from what has been said above that the respondent's motion to dismiss the petition must be denied.

"Let the order be entered accordingly.

"Dated at Chambers, Miami, Florida, September 27, 1944.

"It is now Adjudged, Decreed and Ordered as follows:

"The State Beverage Act gives to municipalities the power to create zones wherein intoxicating liquor may not be sold. The Act also provides as follows:

" 'Nothing in the beverage law contained shall be construed to affect or *impair* the power or right of any incorporated town or city of the State hereafter to enact ordinances regulating the *hours of business and location of places of business, and prescribing sanitary regulations therefor, of any licensee under the beverage law within the* corporate limits of such city or town.' (Chapter 562.45 F.S.A.)

"These are all the powers given to municipalities by the State Beverage Act. The most meticulous examination of the Act fails to disclose that it gives a municipality any power, expressed or implied, over the subject of intoxicating liquor, other than above enumerated. Ordinance No. 2161 of the City of Miami, insofar as it attempts to exercise any power over those who obtain State and county licenses to engage in the businesses defined in the State Beverage Law (Chapters 561 and 562 F.S.A.), is invalid; except those provisions of said ordinance which (1) regulate the hours of business, and (2) regulate the location of places of business, and (3) prescribe sanitary regulations for such places of business."

On authority of the opinion and judgments cited by the learned circuit judge, supra, and of our opinion and judgment in the case of Singer, et al., v. Scarborough, 155 Fla. 357, 20 So. (2nd) 126, the opinion and judgment of the circuit court is approved and affirmed.

Insofar as our holdings here may appear to be in conflict with what was said in City of Miami Beach, et al., v. State ex rel., 145 Fla. 716, 200 So. 213, the latter is overruled. We may say, however, that we apprehend that there

is really no conflict.    In the City of Miami Beach case we were considering an ordinance which precluded the issuance of a license to an applicant to engage in the business of a liquor dealer within 500 feet of the main entrance to the place of business of another licensed liquor vendor and, therefore, the ordinance there under consideration came within the purview of Sec. 562.45 Fla. Statutes 1941, (same F.S.A.), as to "location of place of business."

Affirmed.

CHAPMAN, C. J., TERRELL, BUFORD, ADAMS and SEBRING, JJ., concur.

BROWN and THOMAS, JJ., dissent.