**THE CITY OF MIAMI, FLORIDA, a Municipal Corporation, v. STATE OF FLORIDA, ex rel. WADELL L. SHEHAN.**

27 So. (2nd) 829
October 22, 1946
Rehearing Denied Nov. 12, 1946

June Term, 1946
Division A

*J. W. Watson, Jr.,* and *Franklin Parson,* Attorneys for appellant.

*Louis M. Jepeway,* for appellee.

CHAPMAN, C. J.:

On May 21, 1946, a peremptory writ of mandamus issued out of the Circuit Court of Dade County, Florida, upon the relation of Wadell L. Shehan directing and commanding the City of Miami to issue to the relator Shehan, upon his application and payment of the license tax required by law, licenses to retail liquor package goods at three locations in Miami, Florida, viz: (a) at 340 N.W. 14th Street; (b) 1327 N.W. 3rd Avenue; and (c) 1022 N.W. 2nd Avenue. The City of Miami filed in the lower court a certificate of compliance and perfected its appeal here.

Counsel for appellant pose four questions here for adjudication, but our study of the transcript and applicable authorities suggests the conclusion that each of the propounded questions may be sufficiently answered by submitting an answer to the question raised and insisted upon by counsel for the appellee viz: Did the lower court err in issuing the

peremptory writ of mandamus in the case at bar when following the rule of law enunciated by this Court in the recent case of Mechlow v. Vocelle, as reported in 156 Fla. 115, 22 So. (2nd) 631?

Decided by this Court on June 29, 1945, along with Mechlow v. Vocelle was the case of City of Miami v. Kichinko, 156 Fla. 128, 22 So. (2nd) 627. Our opinion in Mechlow v. Vocelle (and companion case of Moaba v. Vocelle), text 22 So. (2nd) 631, is viz:

"Both these cases involve the question of whether or not Ordinance No. 1526 as amended by Ordinance No. 2735, as further amended by Ordinance No. 2161, authorizes the City of Miami to limit the number of liquor distribution places within the City in view of the provisions of the State Beverage Act, F.S.A. Secs. 561.01 et seq., 562.01 et seq.

"In our view, this question was answered by us in William D. Singer et al. v. Scarborough et al., 20 So. (2nd) 126. So the motion for peremptory writ of mandamus notwithstanding the return is granted on authority of the last cited case. See also City of Miami v. Paul Kichinko, Fla. 22 So. (2nd) 627."

The question of whether or not Ordinance No. 1526 as amended by Ordinance No. 2735, as further amended by Ordinance No. 2161, authorized the City of Miami to limit the number of liquor distribution places within the City of Miami in view of the provisions of the State Beverage Act. F.S.A. Secs. 561.01 et seq. and 562.01 et seq., was considered and decided by us in Mechlow v. Vocelle, supra. Section 561.44 F.S.A. provides that, No license under subsection (3), (4), (5), (6), (7) or (8) of Section 561.34 F.S.A. shall be granted to a vendor whose place of business is or shall be within 2500 feet of an established school or church, except in incorporated cities and towns, which said incorporated cities and towns are hereby given the power hereafter to establish zoning ordinances restricting the location wherein such licensee may be permitted to conduct such place of business and no license shall be granted to any such licensee to conduct a place of business in a location where such place of business is prohibited from being operated by such municipal ordinance.

It is clear that the statute gives to the cities and towns of Florida the power to restrict, fix and determine the location of places within such city or town where a licensee can sell intoxicants, and the method of restricting the location of the licensee within the city or town under the statute is by zoning ordinances duly enacted. The statute provides further that "no license shall be granted to any such licensee to conduct a place of business in a location where such place of business is prohibited from being operated by such municipal ordinance."

Section 562.45 F.S.A. fixes the several penalties to be imposed against those found guilty of violating the provisions of the Beverage Act. The terms of this Section reaffirmed certain powers with reference to liquors in the towns and cities of Florida. "Nothing in the Beverage Act contained shall be construed to affect or impair the power or right of any incorporated town or city of the State hereafter to enact ordinances regulating (1) the hours of business; (2) the location of places of business; and (3) prescribing sanitary regulations therefor, of any licensee under the beverage law within the corporate limits of such city or town."

The appellant, City of Miami, by the terms of the peremptory writ of mandamus in the case at bar, was commanded to issue to the relator licenses to retail liquor package goods at three designated places within said city. Subsection 3 of Section 561.34 F.S.A. provides for the issuance of such a license, but the State of Florida can not issue the same when the vendor's place of business is located within 2500 feet of a school or church, except incorporated cities and towns are granted, by the provisions of Section 561.44 F.S.A., the power to fix and determine the place or location where the vendor shall operate within cities and towns of Florida, which power under the aforesaid section is left to these municipalities to regulate by an appropriate zoning ordinance lawfully enacted. It is likewise unlawful to operate such a package store in a location within cities or towns where such places of operation are prohibited by the terms of said ordinance.

Ordinance No. 1526, referred to in Mechlow v. Vocelle, supra, was passed and adopted by the City of Miami June 24, 1936. Ordinance No. 2735 was adopted January 20, 1943.

Ordinance No. 2161 was enacted by the City of Miami on August 16, 1939. Sections 561.34, 561.44, 562.45 and 168.07 F.S.A., and Chapter 10847, Special Acts of 1925, being the Charter of the City of Miami, with subsequent amendatory Acts, it is asserted constitute the charter power authorizing the enactment of the aforesaid ordinances.

The power of the City of Miami to limit the number of liquor distribution places within the city, as recited in the opinion in Mechlow v. Vocelle, supra, under the several provisions of the State Beverage Act and the Ordinances of the city, was by this Court denied and the authority therefor was our ruling in Singer v. Scarborough, 155 Fla. 357, 20 So. (2nd) 126, when we said: "It (the Beverage Act) does not attempt to limit the number of licenses that may be issued nor does it give municipalities general power to regulate. It does invest in municipalities power to fix by ordinance hours of sale, location, and to prescribe certain sanitary regulations under which intoxicating beverages may be sold." It is quite true that Ordinance No. 2161 was referred to, and "the only question presented is whether or not a permit or license from the city may be required as a condition precedent to granting a State license to sell intoxicating beverages." The option recites further that "the Miami ordinance (2161) interposed has been declared invalid by the Circuit Court of Dade County, Florida, and no appeal has been taken." Our study of the record and briefs of counsel in the case leads to the conclusion that the validity or invalidity vel non of Ordinance No. 2161 was not an issue nor adjudicated by this Court in the controversy.

In support of the conclusion reached in Mechlow v. Vocelle, supra, the case of City of Miami v. Kichinko, 156 Fla. 128, 22 So. (2nd) 627, was cited in our opinion. An analysis of this case discloses that Honorable Ross Williams, Circuit Judge, in a suit before him seeking a declaratory judgment under Section 87.01 et seq., F.S.A., of the validity or non validity of Section 3 of Ordinance No. 2161 of the City of Miami adopted August 16, 1939, held that Section 3 thereof was invalid, non enforceable and could not be sustained under the State Beverage Act, being Chapters 561 and 562, F.S.A. On appeal by the City of Miami of the Kichinko case here the opinion and judg-

ment of Judge Ross Williams was affirmed. In our opinion we set out in full Section 3 of Ordinance No. 2161, adopted, in part, Judge Williams' opinion and conclusion reached, and held Section 3 invalid because it attempted to limit the number of liquor licenses issuable by the City of Miami according to population, which power or authority was not granted to cities and towns under the several provisions of the Beverage Act. Ordinance No. 2161 contains 36 Sections. The usual saving clause of the Ordinance is set out and identified as Section 34.

Section 33 of Ordinance No. 2161 is viz:

"SECTION 33. Ordinances numbered 1076, 1166, 1171, 1189, 1211, 1288, 1304, 1370, 1403, 1532, 1533, 1568, 1785, 1852 and 1977 of the City of Miami, are hereby specifically repealed, together with all laws or parts of laws in direct conflict herewith. Nothing herein, however, shall be taken as repealing any of the ordinances of the City of Miami relating to zoning or to regulation of distances between places of business engaged in the selling of alcoholic beverages, or at locations of said places of business, it being intended hereby not to repeal any of such ordinances, except wherein those ordinances may include conflicting provisions relating to regulatory subjects not necessarily incident to location or use."

Counsel for appellee strenuously contends in his brief and in able oral argument heard at the bar of this court that Ordinance No. 1526 and Ordinance No. 2735 of the City of Miami were stricken in their entirety by this Court in our holdings in Mechlow v. Vocelle and Moaba v. Vocelle, 156 Fla. 115, 22 So. (2nd) 631. Apparently, the strongest arguments offered in support of the contention is the several grounds and authorities cited in the petition for a rehearing filed here on the part of the City of Miami and our subsequent order denying the petition. The answer to the contention is that this Court considered and ruled upon Ordinances Nos. 1526, 2735, and 2161 only as they each limited the number of liquor distributing places within the City of Miami according to population. Such provisions are invalid as not being enacted under nor authorized by the several provisions of the Beverage Act. It is quite true that the invalidity of these ordinances was as-

sailed on many other grounds, but these several grounds as urged by counsel, were not adjudicated by this Court in our previous ruling in Mechlow v. Vocelle and Moaba v. Vocelle.

In City of Miami v. Kichinko, supra, we held Section 3 of Ordinance No. 2161 of the City of Miami invalid. If the different Sections of an ordinance are independent of each other, the invalid portions thereof may be eliminated and the valid sections may be retained and enforced. Ex Parte Smith, 100 Fla. 1, 128 So. 864; Teuton v. Thomas, 100 Fla. 78, 129 So. 330; Canova v. Williams, 41 Fla. 509, 27 So. 30. Ordinance No. 1526, as amended by Ordinance No. 2735, of the City of Miami, is a zoning ordinance restricting or limiting the location of vendors of alcoholic beverages within the incorporate limits of the City of Miami. Section 561.44 F.S.A. authorizes municipalities of Florida to enact zoning ordinances. We express no view whatsoever in this controversy as to the validity or invalidity of either of the aforesaid ordinances except as expressed in this opinion.

Reversed.

TERRELL, BUFORD and ADAMS, JJ., concur.