48 So.2d 154 (1950)
COHEN
v.
SCHOTT.
Supreme Court of Florida, Special Division A.
October 20, 1950.
Robineau, Budd, Levenson & Van Devere, Miami, for appellant.
Patton & Kanner, Miami, for appellee.
*155 TERRELL, Justice.
Appellant secured a license under the laws of Florida to sell alcoholic beverages. He was charged with violating the law in that he did sell such beverages to persons under twenty-one years of age. He was granted a hearing by the Director of the State Beverage Department which resulted in the revocation of his license for fifteen days. Certiorari to the Circuit Court was dismissed and this appeal was prosecuted.
The point for determination is whether or not the Director of the State Beverage Department was warranted under the facts in revoking appellant's license to dispense alcoholic beverages on the basis of the facts revealed.
There is very little dispute about the essential facts in the case. It is admitted that appellant was doing business as the Martinique Hotel and bar, located at 6423 Collins Avenue, Miami Beach, that the main feature of the bar is an elaborate and exclusive cocktail lounge, dining room and patio which cater to an exclusive patronage, that it is conducted in an approved and systematic way and is patronized by highly respected people.
Section 562.11, F.S.A. makes it "unlawful for any person, firm or in case of a corporation, the officers, agents and employees thereof, to sell, give, serve or permit to be served alcoholic beverages, including wines and beer, to persons under twenty-one years of age." It is shown that appellant had a very large investment in his business, that he forbade sales to persons under twenty-one, that he frequently gave orders to his servants not to dispense alcoholic beverages to minors or admit them to his place of business for that purpose.
On November 21, 1948, a party composed of Florence Green, Raymond Nathan and others entered appellant's dining room. Green and Nathan were challenged as to age by the dining room captain as they entered but both asserted that they were twenty-one years of age. The waiter also inquired as to their age before he served them, when they again asserted that they were twenty-one years of age. Shortly thereafter a deputy sheriff and a police officer made a tour of the dining room and both Green and Nathan first assured them that they were twenty-one but they were students of Miami University and when told by the deputy sheriff that he would check with the registrar of the University as to their ages, they then admitted that they were nineteen. These were, in the main, the circumstances inducing the revocation of appellant's license.
The law places the responsibility on the licensee to determine who are under the age of twenty-one, but to ascertain this there must be some reasonable standard of diligence to bound his inquiry. It would seem that when one operates a cocktail bar or lounge, makes it generally known that minors are not admitted for drinking purposes, frequently instructs his employees to challenge those who appear to be within the prohibited age, they are in fact challenged in the manner shown here, and assert that they are twenty-one, which is to all outward appearances true, he has made such effort as the law contemplates to comply with its requirements. He is certainly warranted in assuming that those who enter his place of business will not lie about their ages.
Men and women may be required to produce the family Bible or a vital statistic certificate to procure a pension or enlist in the army but the law prescribes no such requirement to be admitted to a cocktail lounge. Neither does it require the proprietor to arm himself with a lie detector to check the veracity of his patrons. If one seeking admission looks so juvenile that the proprietor has grave doubt as to his age, he would undoubtedly have the right to require substantial proof, but when costume, visage and general appearance of the patron may easily be taken for those of an adult and he repeatedly asserts his adulthood to the servants of appellant, we think it too harsh to revoke one's license because the patron lied to him.
It has been a long time since we studied Hamlet, but at some point in that great drama Polonius counseled Laertes about as follows: "This above all, to thine own self be true; and it must follow as *156 the night the day thou can'st not then be false to any man." From admissions at the bar of this Court it appears that appellant was attempting to run his business on this kind of a mutual pledge and trust basis in so far as the integrity of his patrons was concerned. The law makes the sale of intoxicating beverages a legitimate business, imposes a high tax for the privilege of engaging in it and exacts a high degree of rectitude of those who do so. An inquisition into a charge of violating the conditions of one's license is in no sense criminal but equitable in nature and should be adjudicated on equitable principles.
In a collection of memorabilia of early Western history there was discovered the record of the trial of a man for stealing a pair of boots. The boots were indicated as exhibit A. The verdict of the jury was not guilty  but with the recommendation that the defendant return the boots. We are convinced that these primitive jurors had a very discriminating sense of justice that is too fast being relegated to the limbo of the law by technical niceties. I am often made to feel that a better brand of Justice would follow if we cultivated it more.
The judgment is reversed.
ADAMS, C.J., and SEBRING and ROBERTS, JJ., concur.