## CITY OF HIALEAH v. JUSTINGER.

Circuit Court, Dade County, Criminal Appeal.
September 14, 1953.

Francis J. Christie, Miami, for appellant.
Francis X. Knuck, Hialeah, for appellee.

GEORGE E. HOLT, Circuit Judge.

This cause was heard on August 26, 1953 on appeal to this court by Irene W. Justinger from the judgment of conviction entered against her on December 5, 1952 in the municipal court in and for the city of Hialeah. Counsel for the parties appeared and their arguments of law and of fact were heard. The appellant was charged with violation of ordinance 345 of the city of Hialeah by violating the provisions of section 562.11, Florida Statutes 1951, by selling alcoholic beverages to minors at 1900 East 4th Avenue in the city of Hialeah. Ordinance 345 adopted May 7, 1946 is set forth in full below—

AN ORDINANCE TO FORBID AND PUNISH ANY ACT WITHIN THE CITY LIMITS WHICH SHALL BE RECOGNIZED BY THE LAWS OF FLORIDA AS A MISDEMEANOR, AND PROVIDING FOR THE EXEMPTIONS HEREUNDER.

Section 1. It shall be unlawful to commit, within the limits of the City of Hialeah, Florida, any act which is or shall be recognized by the laws of the State of Florida as a misdemeanor; and the commission of such acts is hereby forbidden; provided, however, that nothing contained herein shall be construed to refer to Section 7650 of the Compiled General Laws of Florida, Acts of the Legislature of the 1927 Session, and the provisions of said Section 7650 of the Compiled General Laws of Florida, Acts of the Legislature of the 1927 Session, be and the same are hereby expressly exempted from enforcement under this ordinance.

Section 2. Whosoever shall violate the provisions of this Ordinance, upon conviction thereof, shall be punished by the same penalty as is therefor provided by the laws of the State of Florida, but in no case shall such penalty exceed a fine of Five Hundred Dollars ($500.00), or an imprisonment for not more than ninety (90) days in the City Jail, or both.

Section 3. This ordinance is hereby declared to be an emergency measure upon the ground of public expedient need for the preservation of public health, welfare and safety of the people of the City of Hialeah, Florida.

This court has carefully examined the transcript of the record filed herein and has thoroughly reviewed all pertinent law, and after full consideration thereof finds as follows—

The warrant issued on November 4, 1952 and under which the appellant was arrested, tried and convicted was defective, invalid and void in that (a) the supporting "affidavit" upon which said warrant was issued was not executed or acknowledged under oath, the same being contrary to the laws of this state, and (b) the person making such "affidavit" had no personal knowledge whatsoever of any violation by appellant of any municipal ordinance or statute of this state.

The judgment of conviction was contrary to the weight of the evidence adduced upon trial in that (a) it is not shown that William Bresnick, the alleged minor who testified he purchased alcoholic beverages from appellant, was in fact a person of less than 21 years of age, and (b) it affirmatively appears that appellant and the person employed with or by her exercised all care and diligence required of them by law to determine whether or not William Bresnick was a person to whom a sale of alcoholic beverages could lawfully be made. Section 562.11, Florida Statutes 1951; Cohen v. Schott (Fla. 1950), 48 So. 2d 154.

The judgment of conviction was unlawful, illegal, void and abortive in that it appears the ultimate decision was not rendered by the trial magistrate solely. That magistrate stated—"I want to present this case to the city council . . . I will withhold judgment in this case . . . I think the city council should know about this case and I will withhold judgment until then." The city of Hialeah owes its existence to its city charter, an Act of the Florida legislature. Under that charter, the city council possesses certain legislative powers; it has no judicial powers whatsoever. The referral of a judicial question by a judicial body to a legislative body, for final decision by that latter body, is contrary and repugnant to the provisions, spirit and intent of both the state and federal constitutions.

The sentence of the lower court, wherein that court ordered the revocation of appellant's license to sell alcoholic beverages, is illegal, invalid and void, and is without judicial fiat. City of Miami v. Kichinko (Fla. 1945), 22 So. 2d 627. The State Beverage Director is the sole person having authority to revoke a vendor's beverage license. Section 561.29, Florida Statutes 1951; Singer, et al v. Scarborough (Fla. 1944), 20 So. 2d 126. The city of Hialeah has no power over those engaged in business under the state beverage law, except to regulate hours of sale and locations of places of business, and to prescribe sanitary regulations for such places of business. Simpson v. Goldworm (Fla. 1952), 59 So. 2d 511; City of Miami v. Kichinko, supra. Hialeah city ordinance 345 adopts section 562.11, Florida Statutes 1951 (among other statutes) and makes violation thereof a misdemeanor (ordinance 345, section 1). For such violation, the ordinance (section 2) adopts the same penalty provided therefor by Florida law, but further provides such penalty shall not exceed a fine of $500 or 90 days imprisonment or both. If this ordinance attempts to confer upon the trial magistrate herein the power to revoke appellant's beverage license under section 561.29 of the statutes, or to otherwise penalize appellant under section 562.11, it is unconstitutional to that extent. City of Miami v. Kichinko, supra; Simpson v. Goldworm, supra; Singer, et al v. Scarborough, supra. The punitive authority of the trial magistrate is limited to that provided in the Hialeah city charter.

For the reasons given it is ordered and adjudged as follows—

1. That the judgment of conviction and sentence entered against appellant, Irene W. Justinger, on December 5, 1952 in the municipal court in and for the city of Hialeah is reversed.

2. That the appellant do have and recover from the appellee all costs herein incurred and fines paid pursuant to conviction herein, the same being hereby taxed in the sum of $83.50.