MATHEWS, Justice.
The notice of appeal in this case is from “the peremptory writ of mandamus entered in the above styled cause on the 12th day of November, A.D. 1954”. The appellee filed (1) motion to advance the cause on the ground that one of the appellants is a municipality organized and existing under the Laws of the State of Florida, and that an early decision is necessary for the enforcement and protection of the public and to avoid the embarrassment of the governmental function of said municipality, (2) motion to dismiss the appeal on the grounds (a) that the appeal is without merit, (b) the appeal is improperly taken, and (c) that it is not taken in good faith, and (3) motion to quash on the ground that the appeal is frivolous and taken for the purpose of delay.
The appellee filed a petition for an alternative writ of mandamus which was granted, ordering an application for transfer of the license to sell alcoholic beverages for use at the appellee’s place of business in the City of Daytona Beach, Florida, or to show cause on a certain date what reason, if any, for the failure of the appellants to do so. Motion to quash the alternative writ was denied and the appellants then filed a return to the alternative writ. In and by the return the sole question presented for determination was the validity of a certain ordinance of the city which was contrary to the State Beverage Law, F.S.A. § 561.01 et seq.
Thereupon, a motion to strike the return and a motion for peremptory writ of mandamus notwithstanding the return was filed. *486 On November 12, 1954, a final judgment was entered which contained the following:
“Ordered and adjudged on the authority of Singer v. Scarborough, 22 So.2d 627 [155 Fla. 357, 20 So.2d 126] ; [City of] Miami v. [State ex rel.] Shehan [158 Fla. 56], 27 So.2d 829, and City of Miami Beach v. Traina [Fla.], 73 So.2d 760 [860] that the said alternative writ of mandamus is hereby found to be sufficient in law and fact and the respondent’s answer thereto as amended is found and determined to be insufficient as a defense to said alternative writ of mandamus, and that the commands of said alternative writ of mandamus should be made peremptory and the Clerk of this Court is hereby directed to issue a peremptory writ of mandamus in accordance with the commands of the alternative writ of mandamus.”
On the same day peremptory writ was issued by the Clerk as ordered in and by said final judgment.
It appears that on two prior separate occasions and in two separate suits the ordinance in question, or one similar to it, had been determined by the Circuit Court to be unconstitutional and void for the reason that it was in conflict with F.S. Section 561.20 et seq., F.S.A. No appeal was prosecuted from the final decrees in the two cases mentioned above, and in addition thereto this Court has passed upon the identical question in the cases of City of Miami v. Kichinko, 156 Fla. 128, 22 So.2d 627, and City of Miami v. State ex rel. Shehan, 158 Fla. 56, 27 So.2d 829.
It, therefore, appears that the question attempted to be raised by the appellant city has been settled by decrees in the Circuit Court of Volusia County from which no appeal has been taken, and by decisions of this Court.
In addition to the fact that the appeal in question attempts to again bring before this Court a question which has heretofore been settled, it is not from the final judgment awarding a peremptory writ of mandamus but is from the peremptory writ.
It is well settled in this state that appeals lie from final judgments. With reference to mandamus, in the case of McNally v. State ex rel. Bond Realization Corp., 112 Fla. 434, 150 So. 751, this Court held that the only legal final judgment that can be entered for the relator in a mandamus case is a judgment of the Court ordering a peremptory writ of mandamus.
Appellants’ brief cites the case of Foley v. State, ex rel. Gordon, Fla., 50 So.2d 179, as authority that the issuance of the peremptory writ is the finish of the judicial labor and that the appeal should be taken from such peremptory writ. Foley v. State, ex rel. Gordon, supra, is not susceptible of any such interpretation. In that case this Court held that the order for the peremptory writ was the end of the judicial labor and that such order was the final judgment. The Court made and entered the final judgment and that was the end of the judicial labor. The issuance of the peremptory writ was by the Clerk of the Court and the issuance of such a peremptory writ was simply a ministerial duty of the Clerk. This is similar to any final judgment in an ordinary common law action. The judgment is entered by the Court which generally contains such words as “for which let execution issue”. The Clerk may issue the execution the next day, the next week or the next month but that has nothing to do with the ending of the judicial labor of the Court by the entry of the final judgment.
The motion to dismiss the appeal should be, and the same is, hereby granted.
ROBERTS, C. J., and SEBRING and DREW, JJ., concur.