CARROLL, CHAS., Chief Judge.
This appeal concerns an order of the director of the State Beverage Department suspending for thirty days the appellant’s alcoholic beverage license, based on a finding that at a certain time in appellant’s place of business he had sold and served alcoholic beverages to minors in violation of section 562.11, Fla.Stat., F.S.A.
The suspension order was reviewed by the circuit court, on common law writ of certiorari under section 561.29(4), Fla. Stat., F.S.A., where from the nature of that proceeding, the question was: “From the face of the record of the proceedings before the director did he exceed his powers or has he not proceeded according to the essential requirements of law?” State Beverage Department v. Willis, 159 Fla. 698, 32 So.2d 580.
The circuit court denied and dismissed the petition for certiorari by the following order:
“The amended petition, the certified transcript of the record of the proceedings the review of which the petitioner has sought, the challenged order of the respondent director, and the briefs submitted in support of, and in opposition to, the amended petition, have been carefully considered.
“The court is of the opinion, and holds, that, in the circumstances revealed by the evidence on which the respondent director acted in suspending for thirty days the petitioner’s alcoholic beverage license, the court cannot substitute its discretion and judgment for that of the respondent director. It has not been shown that he abused his discretion or that he deviated in anywise from the essential requirements of the law. The facts are readily distinguishable from those involved in Cohen v. Schott (Fla.), 48 So.2d 154, cited and relied on by counsel for the petitioner.
“Accordingly, the amended petition is denied, the challenged order 'is affirmed, and the cause is dismissed, with prejudice, at the petitioner’s cost.
“Ordered and adjudged in the Courthouse of Dade County, Florida, at Miami, January 3, 1957, by
Vincent C. Giblin
Circuit Judge.”
That order denying certiorari was appealed to the Supreme Court of Florida. Later the appeal was transferred to this court for consideration and determination by an order of the Supreme Court dated October 21, 1957, as authorized by Section 26(6), Article V of the Constitution as Amended at the General Election in November 1956, effective July 1, 1957, F.S.A.
While the questions are variously stated, it appears that appellant relies on two *657 points for reversal. One is a contention that the hearing out of which the suspension order arose should have been conducted by the director himself and not by an assistant. The other is a claim of insufficiency of the evidence to support the suspension order.
The answer to the first question is found in the beverage law. Section 561.29 (3), Fla.Stat., F.S.A., which requires a hearing before the director may revoke or suspend a license, provides that the hearing may be conducted by an assistant designated by the director. The section further provides that where an assistant conducts the hearing “a transcript of the proceedings of such hearing shall be reviewed by the director, who shall enter his decision thereon.”
Notwithstanding these provisions of the statute, appellant argues that it is a departure from essential requirements of law for the director himself not to conduct the hearing when a question of minority is involved, as personal observation of the minors would aid in reaching a conclusion as to whether their appearance would indicate their minority or otherwise.
There seems no room for such an argument in this case, because there was substantial evidence of a lack of concern, and absence of inquiry, regarding the age of the seventeen year old and nineteen year old customers in question.
The second question must be disposed of adversely to the appellant on the basis just stated — that the record discloses substantial evidence to support the director’s order.
In arguing insufficiency of the evidence appellant relied on the decision of Cohen v. Schott, Fla.1950, 48 So.2d 154. The circuit judge, in his order dismissing cer-tiorari, held correctly that the facts of the present case were readily distinguishable from those involved in the Cohen case, in which the minors were challenged as to-their age by the operator of the premises and by the employee who served them, and where they repeatedly denied minority.
No reversible error having been made to appear, the circuit court order dismissing certiorari is affirmed.
Affirmed.
HORTON and PEARSON, JJ., concur.