CARROLL, DONALD K., Chief Judge.
The appellees in these two cases consolidated for appeal have moved to dismiss the appeals, principally on the ground that the orders appealed from are not ap-pealable final judgments.
The orders in question were entered by the Circuit Court for Volusia County, granting the plaintiffs’ motion for a peremptory writ of mandamus and directing the Board of County Commissioners of the said county within a certain period, to complete its examination of a certain petition and to make a final determination of the petition’s sufficiency, in accordance with a number of rules and determinations enumerated in the orders. The record before us, however, fails to reveal that the peremptory writ of mandamus has ever been issued.
The Supreme Court of Florida was confronted with an analogous problem in Foley v. State ex rel. Gordon, 50 So.2d 179' (1951), wherein the Circuit Court had entered an order ordering that a peremptory writ of mandamus issue to the Board of County Commissioners of Polk County commanding them to pay certain fees. The Supreme Court held that the said order was tantamount to a final judgment from which an appeal would lie. The court further stated that such an order fell within the following recognized definition: “ ‘Final judgment’ means the finish of the judicial labor, pronouncement of the ultimate conclusion of the court upon the case, and a direction to the clerk to enter judgment.” The Supreme Court later recognized this ruling in Warren v. State, 76 So.2d 485 (1954), pointing out that the issuance of the peremptory writ “was simply a ministerial duty of the Clerk.”
On the authority of the last two cited decisions we hold that the orders appealed from herein are appealable final judgments within the above-quoted definition, and therefore the motions to dismiss these appeals should be denied.
A peculiar feature of the present appeals is that each of the complaints was filed and styled in equity and contains a *867 “petition for alternative writ of mandamus or rule to show cause,” mandamus, of course, being a proceeding at law. However, this fact does not alter our conclusion that the orders appealed from are appealable final judgments. The problem arising from the inclusion of a law proceeding in the suit in equity will no doubt be disposed of when these appeals come before us on the merits.
Motions to dismiss denied.
STURGIS and WIGGINTON, JJ., concur.