JOHNSON, Judge.
This is a petition for writ of certiorari directed to the State Beverage Department of Florida to review an order of revocation of a beverage license.
The basic ground upon which the petition is grounded is that there was no competent substantial evidence to support the findings and conclusions of the Beverage Director in his order revoking the alcoholic beverage license of the petitioner.
From the record of the testimony taken before the Director, it appears that a minor, 16 or 17 years of age, testified that he bought two quarts of beer from the petitioner on the afternoon in question; that he had bought beer there before. There was no corroboration of this testimony except that the Deputy Sheriff said the minor had told him the same thing. This, of course, does not constitute corroboration, although it may on occasion lend credibility to such testimony. Opposed to this testimony was that of the petitioner, her mother, who was present all the day in question and a disinterested person who was also present during all of the afternoon in ques *311 tion. Each of these three testified that the minor was not even in the place of business that afternoon. Also, the mother of petitioner said they had known this boy all his life and knew he was too young. It was further brought out that upon a criminal trial of the petitioner upon the same offense, she was found not guilty and the testimony of the minor in the trial was seriously discredited by the minor’s uncle or father. While this court proceeding has no control over the action of the Beverage Director in the exercise of his duties, we feel that if the only testimony upon which the Director has to rely upon for his action is discredited as probably being untrue, the Director should exercise more caution or equitable reasoning in the conclusions he reaches.
We feel, and so hold, that there was a lack of competent substantial evidence to support the Director’s conclusions and his order revoking the license of the petitioner.
In the case of Taylor v. State Beverage Department, 194 So.2d 321 (Fla.App.2d, 1967) the court said:
“The outright revocation of a beverage license is a most serious and drastic penalty, even in a flagrant case; * * * ”
In said case, the late Justice Terrell was quoted from Cohen v. Schott, Fla., 48 So. 2d 154, as follows:
“* * * An inquisition into a charge of violating the conditions of one’s license is in no sense criminal but equitable in nature and should be adjudicated on equitable principals.”
In the case sub judice there was a total absence of corroborated evidence of flagrant violation, and the petitioner, we think, is properly within her rights in calling this to the court’s attention in her brief.
Administrative agencies are given broad latitude in the performance of their duties, but their decisions in the exercise of quasi-judicial functions as in this case, are not beyond the reach of judicial process, and while such administrative determinations will not be ordinarily interfered with, they will be interfered with if it is apparent that the exercise of the administrative power is arbitrary or unreasonable and constitutes an abuse of discretion.
We find that the Director abused his discretion in this case and that the writ of certiorari is accordingly granted and the administrative order here under review is quashed.
RAWLS, Acting C. J., and SPECTOR, J., concur.