COLEMAN, T.P., Associate Judge.
This is an appeal from a final order of the Division of Alcoholic Beverages and Tobacco, Department of Business Regulation, (DABT), revoking appellant’s alcoholic beverage license. The license revocation was based upon findings that the appellant’s “Hi Neighbor Store” was used for gambling purposes, for the sale of narcotics and was a public nuisance in violation of Sections 893.13(2)(a)(5), 849.08, and 823.10, Florida Statutes (1981).
A hearing examiner from the Division of Administrative Hearings conducted a hearing on March 10, 1983. The hearing examiner made recommended findings of fact and law in support of his conclusion that the alcoholic beverage license of the appellant should be revoked. DABT entered an order adopting all the hearing officer’s recommended findings of fact and all but one of his recommended findings of law. The recommendation that the appellant’s license be revoked was also accepted and adopted.
The sole issue presented on this appeal is whether the decision to revoke the appellant’s beverage license was supported by substantial competent evidence in the record.
The appellant maintains that the findings of fact below were insufficient because they did not comport with the standard of proof required for license revocation proceedings. Prior to the adoption of Florida’s Administrative Procedure Act it had been held that the burden of proof required in such proceedings was by “clear and convincing evidence”. Reid v. Florida Real Estate Commission, 188 So.2d 846 (Fla. 2d DCA 1966). Subsequent to the enactment of the Administrative Procedure Act it has been held that the burden to be met is that of “substantial competent evidence”. *1066 Bowling v. Department of Insurance, 394 So.2d 165 (Fla. 1st DCA 1981).
In his recommended order the hearing officer applied the former standard; DABT did not accept that finding of law in its order. The apparent effect of the DABT’s order is to reject “clear and convincing evidence” as the standard to be applied in such proceedings, substituting in its stead the requirement that a revocation must be based upon “substantial competent evidence”. Since the hearing officer appears to have applied the higher standard of proof no prejudice has resulted to the appellant. The evidence presented clearly substantiates the findings of the hearing officer, accepted by DABT, finding that numerous violations of law took place on the premises of the Hi Neighbor Store.
The appellant contends that there was no evidence upon which it could be found that he was the licensee during the periods of time in question.
There was introduced into evidence a certified copy of a beverage license issued to the Appellant for the period of October, 1982, through September 30, 1983. This was a “renewal” license. Offenses were found to have been committed on the premises on various dates between June 22, 1981, and July 6, 1982.
All of the offenses except one were found to have been committed on or after July 10, 1981. On that date the appellant, in response to an inquiry from a Deputy Imperial, said that a “Michael McIntyre” worked for him as a manager of the premises. The only reasonable implication of this statement is that the appellant was the owner of the business, hence the licensee, on July 10,1981. It was reasonable for the hearing officer to conclude, therefore, that the appellant was the licensee on that date of the renewal license. It is also noted that counsel for appellant continuously referred to him as the licensee during the hearing.
The order of the Division of Alcoholic Beverages and Tobacco, Department of Business Regulation, is affirmed.
AFFIRMED.
DAUKSCH and COWART, JJ., concur.