JOANOS, Judge.
This is an appeal from an order of the Director of the Division of Alcoholic Beverages and Tobacco revoking appellant’s alcoholic beverage license. The issue before us is whether the delivery of an alcoholic beverage license to the Division of Alcoholic Beverages and Tobacco, accompanied by a letter which states that such delivery is for the purpose of cancellation rather than revocation, constitutes an “abandonment” of that license so as to justify revocation under Section 561.15(3)(a), Florida Statutes (1981). We conclude that under the circumstances of this case it does not and reverse.
On April 11, 1982, the Division of Alcoholic Beverages and Tobacco (Division) issued a citation informing appellant that formal administrative charges were to be brought against it for violations of Section 561.20(3), Florida Statutes (1981), and Florida Administrative Code Rule 7A-3.15(1). Thereafter appellant and the Orlando Supervisor for the Division held an informal conference. At the conference, appellant proposed a stipulation for settlement. This proposal for settlement was later disapproved by the Division. By letter dated August 4, 1982, appellant delivered its alcoholic beverage license to the Division, and advised that the corporation had ceased selling alcoholic beverages and would not seek to resume licensed operations in the future. The relevant paragraph of this letter reads as follows:
As you know, there are administrative charges pending against the licensee. This surrender is not for the purpose of revocation, which matter will be decided in the administrative proceeding. Rather, it is for the purpose of cancellation, which may be accomplished (according to the Division’s viewpoint) whenever those charges are disposed of.
Following receipt of the letter the Division filed an order revoking appellant’s alcoholic beverage license.
At an administrative hearing held on the license revocation, appellant’s attorney stipulated that it was the appellant’s intent that the license be disposed of only after resolution of the administrative charges. The Division took the position that the return of the license constituted an abandonment with license charges still pending. Therefore, under the purview of Section 561.15(3)(a), Florida Statutes (1981), the Division revoked appellant’s license. Appellant took the position that delivery of the license was not an absolute surrender — it was nothing more than the delivering of the license into the hands of the issuing agency to be held until such time as it could be lawfully cancelled.
In a memorandum of law, the Division contended that appellant had abandoned the license while there were still administrative charges pending against it. According to the Division, this action placed appellant in violation of Section 561.15(3)(a), Florida Statutes (1981). Pursuant to a formal finding that appellant was in violation of the statute, the Division issued a final order of revocation on August 16, 1983.
Section 561.15(3)(a), Florida Statutes (1981) provides:
*225 (3) The division may suspend or revoke the license under the Beverage Law of, or may refuse to issue a license under the Beverage Law to:
(a) Any person, firm, or corporation the license of which under the Beverage Law has been revoked or has been abandoned after written notice that revocation or suspension proceedings had been or would be brought against the license;
The Division maintains that appellant abandoned its license after written notice that formal administrative charges were to be brought against it for violation of Section 561.20(3), Florida Statutes (1981),[1] and Florida Administrative Code Rule 7A-3.15(1).[2]
The parties to this appeal are in agreement that since the statute provides no definition of “abandon,” the term is to be given its ordinary meaning. See also: Moncrief v. State, Commissioner of Insurance, 415 So.2d 785, 790 (Fla. 1st DCA 1982). In Black’s Law Dictionary 2 (5th ed.1979), “abandon” is defined thusly:
Abandon. To desert, surrender, forsake, or cede. To relinquish or give up with intent of never again resuming one’s right or interest. To give up or cease to use. To give up absolutely; to forsake entirely; to renounce utterly; to relinquish all connection with or concern in; to desert. It includes the intention, and also the external act by which it is carried into effect. (e.s.)
Of the two elements of abandon, i.e., the intention and the external act, “the intention is the first and paramount object of inquiry, for there can be no abandonment without the intention to abandon.” Id.
A license revocation must be supported by competent substantial evidence. Jones v. State, Dept. of Business Regulation, 448 So.2d 1109 (Fla. 1st DCA 1984); Harvey v. State, Dept. of Business Regulation, 451 So.2d 1065 (Fla. 5th DCA 1984); Lash, Inc. v. State, Dept. of Business Regulation, 411 So.2d 276 (Fla. 3rd DCA 1982). In Holland v. State Beverage Dept., 213 So.2d 310, 311 (Fla. 1st DCA 1968), the court noted that although “administrative determinations will not be ordinarily interfered with, they will be interfered with if it is apparent that the exercise of the administrative power is arbitrary or unreasonable and constitutes an abuse of discretion.”
Revocation of an alcoholic beverage license has a far greater impact than does a cancellation of the license. When a license has been revoked by the Division, “it may prohibit ... a license to be issued for the location of the place of business formerly operated under such revoked license.” § 561.58, Fla.Stat. (1981). See also: § 561.20(3), Fla.Stat. (1981). Cancellation, on the other hand, preserves the license holder’s right to renew the license or to transfer the license as an incident- to *226 the transfer of the licensed premises. See: Keating v. State, 173 So.2d 673 (Fla.1965).
The director’s final order held as a conclusion of law that paragraph two of the transmittal letter by which appellant returned its alcoholic beverage license constituted an “abandonment” as contemplated by Section 561.15(3)(a), Florida Statutes (1981). The director reached this conclusion by finding that appellant had performed the requisite elements of abandonment, i.e., the turning in of the beverage license was a voluntary, external action— the second element of abandonment. And the director held that the statement in the transmittal letter that “the corporation has ceased selling alcoholic beverages under this license, and will not seek to resume licensed operations in the future,” satisfied the “intent” element of abandonment.
By so holding, the director ignored the express statement to the contrary in paragraph three of appellant’s transmittal letter, which states unequivocally—
This surrender is not for the purpose of revocation, which matter will be decided in the administrative proceeding. Rather, it is for the purpose of cancellation, which may be accomplished (according to the Division’s viewpoint) whenever those charges are disposed of. (e.s.)
By this language, appellant demonstrated the intent to rely upon the safeguards of Section 561.27, Florida Statutes (1981). The fact that appellant will not seek to resume licensed operations in the future should not be read as the intention to renounce all property rights in the license. Should the pending charges be decided in appellant’s favor, the license could then be renewed and transferred.
We find that the director’s order revoking appellant’s alcoholic beverage license was not supported by competent substantial evidence. The director relied on paragraph two of the transmittal letter, taken out of context, as expressing the intention to abandon the license. The letter read in its entirety demonstrates that appellant sought cancellation of the license, with its potential for reinstatement. There was clearly no intention to abandon. If the Division felt it could not accept the license on the terms under which it was submitted, then the Division was obligated to notify appellant of this fact.
We reverse the order revoking appellant’s license, and remand for disposition of the license to be determined by the outcome of the administrative charges pending against it.
WIGGINTON and BARFIELD, JJ., concur.

. Section 561.20(3), Florida Statutes, (1981) provides:
(3) The limitation upon the number of such licenses to be issued as herein provided shall not apply to existing licenses or to the renewal or transfer of such licenses; but upon the revocation of any existing license, no renewal thereof or new license therefor shall be issued contrary to the limitation herein prescribed. However, the beverage director may reissue a license under s. 565.02(l)(b) to any qualified applicant within any municipality in which there is only one license, which formerly had an additional license which has heretofore been revoked, and which has sufficient population as shown by the last regular statewide federal census or, beginning July 1, 1983, population estimate to warrant the additional license. The transfer permitted herein shall not include the change in location of any licensed premises as provided in s. 561.33 of the Beverage Law when such change of location will increase the number of licenses contrary to the limitation upon the number of such licenses as herein provided.

. Florida Administrative Code Rule 7A-3.15(1), provides:
7A-3.15 Special Licenses, Hours of Service and Minimum Requirements.
(1) All restaurants holding a special restaurant license, in addition to the quota limitation imposed by Section 561.20(1), Florida Statutes, must discontinue the sale of alcoholic beverages whenever the service of full course meals is discontinued. A hotel, motel or motor court holding a license issued under Section 561.20(2), Florida Statutes, or any applicable special act, must discontinue the sale of alcoholic beverages during periods when such hotel, motel or motor court is closed.